UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARBENYS ANTONIO YEDRA MELENDEZ (A-Number: 245-879-325),<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER; SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY; ACTING DIRECTOR, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>Respondents. | No. 1:26-cv-07945-KES-SAB (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS<br><br>Doc. 1 |

Petitioner Arbenys Antonio Yedra Melendez is an immigration detainee proceeding pro se with a petition for writ of habeas corpus and motion for temporary restraining order. Docs. 1, 3. The Court has previously addressed the legal issues raised by the petition—that, when a noncitizen has previously been released pursuant to 8 U.S.C. § 1226(a) and is subsequently re-detained pending removal proceedings, the Due Process Clause requires a bond hearing where the government bears the burden of proving that the noncitizen is a flight risk or danger to the community by clear and convincing evidence. *See, e.g.*, *Luis Alberto R.C. v. Murray*, 817 F. Supp. 3d 917 (E.D. Cal. 2025); *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *Marina V.N. v.*

*Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025). The Court ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the petition. Doc. 6.

Respondents acknowledge that "[petitioner's] detention is governed by 8 U.S.C. § 1226(a)[,]" but they argue that "[petitioner] already received an individualized bond hearing and agency review remains available." *See* Doc. 8 at 1. At petitioner's bond hearing in immigration court on September 17, 2026, the burden was placed on petitioner rather than on respondents. *See* Doc. 7, Audio Recording of Bond Hearing, at 09:05–09:16, San Diego Immigration Court (recorded September 17, 2026) (lodged with Court). But where, as here, the government previously released petitioner under § 1226(a) based on a determination that he did not pose a flight risk or danger, and then subsequently recently re-detained him, the Due Process Clause requires a bond hearing where the government bears the burden of proving that the noncitizen is a flight risk or danger to the community by clear and convincing evidence. *Luis Alberto R.C.*, 817 F. Supp. 3d 917; *Elmer Joel M. C.*, 2025 WL 3501200; *Bilal A.*, 2025 WL 3648366; *W.V.S.M.*, 2025 WL 3236521; *Marina V.N.*, 2025 WL 3701960. The court therefore grants the petition for writ of habeas corpus.

Accordingly, the petition for writ of habeas corpus is GRANTED. Respondents are ORDERED to provide petitioner Arbenys Antonio Yedra Melendez (A-Number: 245-879-325) with a bond hearing before a neutral decisionmaker within ten (10) days of the date of this Order. Respondents shall immediately provide petitioner with a copy of this Order and shall provide him with 72 hours' notice before the bond hearing in a language that he can understand. At that bond hearing, it is respondents' burden to demonstrate that petitioner is a flight risk or danger to the community by clear and convincing evidence. Petitioner may be represented by an attorney at this hearing, and respondents may extend the deadline at petitioner's request so that he can obtain an attorney. If petitioner obtains an attorney, his attorney shall also be given 72 hours' notice before the bond hearing. The neutral decisionmaker must consider petitioner's financial circumstances in setting the amount of bond and alternative conditions of

release in lieu of detention without bond. If respondents do not provide petitioner with a bond hearing within ten days, then respondents must release him.

The Clerk of Court is directed to close this case and enter judgment for petitioner. The Clerk is directed to serve California City Immigration Processing Center in Kern County with a copy of this Order.

IT IS SO ORDERED.

Dated: November 25, 2026

UNITED STATES DISTRICT JUDGE